Blake *v.* Flatley.

JOHN BLAKE et al., appellants,

*v.*

THOMAS J. FLATLEY, respondent.

1. Specific performance of a contract to convey a lot of land of small value will not be decreed where there are no equitable grounds, and there is an adequate remedy at law much less burdensome in costs.

2. Such decree rests in the sound discretion of a court of equity.

Blake *v.* Flatley.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following opinion :

The bill asks for the specific performance of a contract to convey lands. When the contract was made $5 were paid in cash, and a receipt given therefor in writing, showing that it was for the purchase of a certain lot. The vendor resists the specific performance on the ground of uncertainty of description. But the bill describes the lot by metes and bounds, and otherwise fixes its location with great certainty, and the answer says that that is the lot which the defendant actually agreed to sell. That seems to be certain enough. The defendant's wife refuses to join in the conveyance, and the complainant asks indemnity. I cannot conclude that the husband is at fault in this. The rule seems to be that indemnity will not be decreed in such cases, except when fraud is clearly established. *Reilly* v. *Smith, 10 C. E. Gr. 158 ; Hawralty* v. *Warren, 3 C. E. Gr. 124.* In this case the husband said, at one time, that his wife was willing to join in the deed, but that she afterwards refused. The wife, however, says that she never consented, but, from the time she understood that her husband had made the sale, she refused to join in the deed. As the testimony stands I cannot say that there is fraud. Specific performance will be decreed by the husband, with costs, but without indemnity.

*Mr. David J. Pancoast,* for appellants.

*Mr. Alfred Flanders,* for respondent.

The opinion of the court was delivered by

Scudder, J.

A bill was filed for the specific performance of a contract in writing, signed by the defendant, John Blake, to convey a lot of land for the sum of $55, to be paid in cash when the purchaser received his deed. Five dollars were paid on signing the contract. The land is described in the receipt given and memorandum of

sale as a lot of land near lands of Michael Haggerty. It appears in the evidence that, before the writing was signed by Blake, the lot was examined and designated by the parties, and there is no dispute or difficulty as to the exact location of the land intended to be conveyed, for a more particular description is given in the bill of complaint, and admitted in the answer to be correct. The defendant, Blake, further offers in his answer to make the conveyance required, as he has always been willing to do; but his wife refuses to execute the deed. Both say that she had no knowledge of, and never gave her consent to, the contract for a conveyance. The decree directs a deed to be made by Blake to the complainant, not by his wife, and does not require any indemnity against her subsequent acts, as no sufficient evidence of fraud or collusion was shown. It gives the costs of suit to the complainant against Blake, and dismisses the bill as to the wife, but without costs to her or the complainant.

It appears from this statement of the case that the real grievance of which the defendants, who have taken this appeal, may justly complain, is the imposition of a large bill of costs upon each of them. It might be said that the court can properly relieve the defendants by reversing the decree for costs and putting them on the complainant, who gets, by the decree, only what he might have had without controversy—the title of the husband to the lot of land. This, however, would not reach the question which has been mainly considered by us in this case, but was overlooked in the court below, though pleaded in the separate answers, and the same benefit claimed as if each had demurred to the complainant's bill. This question is, whether it is correct practice for a court of equity to compel a specific performance of a contract for the conveyance of land, where the purchase-price is so small as to be but little more than the usual costs of an undefended suit in the court of chancery, less, in fact, than the complainant's taxed costs in this case, and no special equity is shown in the bill. The lot described is a small, unimproved piece of land, without any peculiar value to the complainant for business purposes, or by any connection with his other property, or for any use to which he may wish to apply it. A case may be

Blake *v.* Flatley.

conceived where a small lot of land, of little value to others, might be so located as to be an important possession to a purchaser. In such case his claim for a conveyance would be based on his equity to have it, because no other adequate relief could be given to him. This is the original foundation of the jurisdiction of courts of equity to compel a specific performance of contracts for the conveyance of land. A wider rule has been adopted in many cases, and it is said that where a contract respecting real estate is in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree a specific performance of it as it is for a court of law to give damages for the breach of it. *Hall* v. *Warren, 9 Ves. 605 ; Greenaway* v. *Adams, 12 Ves. 395 ; King* v. *Hamilton, 4 Pet. 311 ; 1 Story's Eq.* §§ *750, 751.*

But it is also held that courts of equity will not interfere to decree a specific performance except in cases where it would be strictly equitable to make such a decree. Whether, therefore, the contract shall be enforced specifically, must rest in the sound and reasonable discretion of the court, depending on the equity of the particular case and the nature of the objections to it. It must determine what are the objectionable circumstances which will control its jurisdiction in such cases, within the established rules of equity, though none of these rules are of absolute obligation and authority in all cases. *Gariss* v. *Gariss, 1 C. E. Gr. 79 ; Pinner* v. *Sharp, 8 C. E. Gr. 274 ; Locander* v. *Lounsbery, 9 C. E. Gr. 417 ; Plummer* v. *Keppler, 11 C. E. Gr. 481 ; Brown* v. *Brown, 6 Stew. Eq. 650 ; 1 Story's Eq.* § *742.*

It is a serious objection to the exercise of the extraordinary jurisdiction of the court in this case that there is not an allegation in the bill of complaint, nor a single fact in the evidence, to show that the complainant would be in a worse position if he should bring his action at law to recover damages for a breach of this agreement, nor a reason given for burdening the defendants with large bills of costs in such a small matter. An action for damages, where the amount that can be reasonably claimed is so little, must, by statute, be brought in an inferior court of law, where the costs are much less than in the higher courts of law or equity.

To permit the complainant to evade this statutory limitation of costs, by bringing his action in a higher court, and claiming a remedy there which does not appear to be in any way more beneficial to him, would be contrary to the policy of the law, and unjust in its result. If this decree is affirmed the defendant will lose the whole purchase-price of his land in costs, and the complainant be in no better position than if he had pursued his less expensive remedy at law. The case is without precedent in the small value of the land in controversy, and the absence of any special cause for its prosecution in a court of equity. These objections conjoined are sufficient to influence this court to deny the relief which the complainant has sought in his bill for specific performance.

The decree will be reversed, the bill dismissed, and costs allowed to the defendants.

*Decree unanimously reversed.*