SUSANNA MEIDLING, appellant,

*v.*

CHRISTINA TREFZ, respondent.

1. Specific performance of a contract for the conveyance of land (which the buyer is not bound to buy) will not be decreed when the conduct of the buyer has been adapted to induce, and has induced, the seller to infer an abandonment of the option to buy, and by acting upon such inference the seller has been injured; an abandonment of the option will be deemed to be thus established.

2. Specific performance of such a contract will not be decreed where it appears that the buyer has unreasonably delayed either to do acts required to be done by him to complete the contract, or to seek its enforcement, and, during such delay, a material increase in the value of the land has taken place.

On appeal from a decree advised by Vice-Chancellor Bird, as follows:

This cause coming on to be heard upon bill, answer, replication and proofs, in the presence of Frederick W. Leonard, of counsel with the complainant, and William H. Conover, of counsel with the defendant, and the pleadings having been read and

Meidling *v.* Trefz.

the proofs heard and considered, and the arguments of counsel heard and considered, and it satisfactorily appearing to the court that by virtue of an agreement in writing, duly made and executed, between Christina Trefz, the complainant, and Susanna Meidling, the defendant, on the 19th day of May, 1887, the said Christina Trefz agreed to purchase of the said defendant a certain lot or tract of land, in the said bill mentioned and described, and to pay her thereof the sum of $1,500, when the said defendant was to execute and deliver to said complainant, her heirs and assigns, a good and sufficient deed of conveyance for the said premises; and it also appearing that the said complainant had paid to said defendant the sum of $300, part of said sum of $1,500, and that she has always been, and still is, ready and willing in all things to comply with the stipulations of said articles of agreement on her part, and has prayed the order and decree of this court directing the defendant to comply with and fulfill the same in all things on her part; and it further appearing that the said complainant is not guilty of laches in bringing this suit, and the court being of opinion that the complainant is entitled to the specific performance of the said article of agreement on the part of said defendant, as in her said bill she has prayed, it is, on this 15th day of May, 1890, ordered, adjudged and decreed that the said article of agreement be in all things specifically performed by the said defendant, and that the said defendant do, within fifteen days from the date of this decree, upon the payment to her of the balance of the said purchase-money, make, execute and acknowledge, in due form of law, and deliver to Christina Trefz, the complainant, at the office of her solicitor, F. W. Leonard, Esq., in the city of Newark, a good and sufficient deed of bargain and sale for the said premises, and that she deliver at the same time to said Christina Trefz possession of said premises.

*Mr. Theodore Runyon,* for the appellant.

*Mr. Frederick W. Leonard,* for the respondent.

The opinion of the court was delivered by.

MAGIE, J.

The bill in this cause was filed on August 1st, 1889, by Christina Trefz, the respondent, against Susanna Meidling, the appellant, and its prayer was for a decree for the specific performance of an agreement for the sale of real estate, contained in the following writing, viz. :

"NEWARK, N. J., May 19, 1887.

"Received from Mrs. C. Trefz Three Hundred 00–100 dollars on acc't purchase of Lots Nos. 4 and 5 on Block F on map of Bay View Park, property sold for the sum of Fifteen Hundred 00–100 dollars.

"ARTHUR DEVINE,
"J. J. T."

[Written across the face in red ink.]

"This money will be returned if there is any legal defect in the title of said lots.                                    "A. DEVINE, J."

The bill alleged that Mrs. Meidling had ratified Devine's act in executing this writing by accepting the money named therein, and which had been paid to him by Mrs. Trefz. It also alleged that Mrs. Trefz had examined the title to the lots named therein and found it to be a title in fee simple; that she had been ready and willing to pay the residue of the purchase-money and to accept a deed of the lots, and that she had frequently, within two years before filing the bill, requested Mrs. Meidling to give her a deed therefor.

There was no allegation that Mrs. Trefz had tendered the unpaid purchase-money, nor any offer to bring it into court. It was not alleged that notice had been given to Mrs. Meidling that the title had been found to be without defect, nor was there any definite statement as to the time when, or the circumstances under which she had been requested to make the deed.

Mrs. Meidling, however, submitted to answer the bill. She admitted thereby that she had received from Devine part of the money paid him by Mrs. Trefz, but averred that the latter had objected to the title and refused to complete the contract, in consequence of which she had returned to Devine the money she

Meidling *v.* Trefz.

had received from him with instructions to return the whole to Mrs. Trefz. She therein further averred that Mrs. Trefz had abandoned the contract and " had made no move" toward enforcing it, and that the lots had greatly increased in value since the date of Devine's receipt.

The answer was not under oath pursuant to a waiver of such an answer contained in the bill.

A replication having been filed, the cause was referred to Vice-Chancellor Bird.

At the hearing, the learned vice-chancellor imposed on Mrs. Meidling the burden of proof and required her to support her answer by evidence.

Mrs. Meidling was then examined as a witness, and, no other witnesses being called, a decree for specific performance was made, which is the subject of this appeal.

The first question presented by the appeal relates to the propriety of the order which cast on appellant the burden of proof. In my judgment, the course taken at the hearing is open to grave doubt, for the answer may be construed as presenting a responsive denial to the allegations of the bill of an offer to perform and complete the purchase on the part of Mrs. Trefz. If the making of such an offer or some excuse for not making it, was required to be alleged, the denial of the answer required it to be proved. *Pom. Eq. Jur.* § *1407.*

But a reversal on that ground would put the parties to additional expense, and as the cause was in fact tried upon the merits, it ought not to be so disposed of.

The order that Mrs. Meidling must assume the burden of proof obviously proceeded on the ground that, upon the admitted or unanswered allegations of the bill, Mrs. Trefz was entitled to the decree she sought, unless Mrs. Meidling sustained, by proof, the matters set up in the answer, which were held to be not responsive to the bill, but to be new matters tending to a defence.

The question then is, whether the decree made on this theory of the pleadings should have been made.

My consideration of the case has led me to the conclusion that the answer of Mrs. Meidling, considered merely as setting up defences to the relief prayed by the bill is, in two respects, established by the proof.

In the first place, the proofs make out an abandonment by Mrs. Trefz, of the option she acquired by the Devine receipt.

The uncontradicted evidence of Mrs. Meidling shows that, about the date of the receipt, she furnished her title-deed for the lots in question to one Allen, a lawyer, employed by Mrs. Trefz to examine the title. After the lapse of several weeks, the deed was returned by Allen to Mrs. Meidling. The answer set out the reason given for the return, but, on the theory on which I examine the case, the answer cannot be considered. Mrs. Meidling's testimony was not directed to this averment of her answer. She also testified that Devine gave her the reason of the return, but, while there is ground for inferring that Devine acted as the agent of both parties, such agency cannot be considered sufficiently proved. But, excluding these statements, we have these facts: that the title-deed, furnished for the examination of the title, was returned to the seller; that the return was not accompanied with notice that the title was acceptable, nor with a tender of the unpaid purchase-money, nor with a demand for a deed.

These facts justified Mrs. Meidling in inferring that Mrs. Trefz did not intend to exercise the option she had acquired. Acting on that inference, Mrs. Meidling returned to Devine the part of the deposit money she had received from him, reclaimed a receipt which she had given him for it, and directed him to return the whole deposit to Mrs. Trefz. So far as appears, he retained that money until the bill was filed, more than two years afterward. In the meantime Mrs. Trefz made no demand for the performance of the contract.

Under these circumstances, Mrs. Trefz must be deemed to be estopped from denying that she abandoned any right to a conveyance. It would be inequitable to allow her now to enforce this contract and obtain these lots upon payment of the unpaid purchase-money, after the owner has been induced by her acts and omissions to relinquish the possession of the part, which

had been paid, and to leave it for over two years an unproductive deposit.

The proofs also clearly establish laches on the part of respondent.

The receipt signed by Devine became the act of Mrs. Meidling by subsequent ratification. But the agreement thereby made was unilateral. Mrs. Trefz was not bound to pay the purchase-money and accept a deed for the lots. *Green* v. *Richards, 7 C. E. Gr. 32 ; S. C., 8 C. E. Gr. 536 ; Pinner* v. *Sharp, 8 C. E. Gr. 274.* When contracts are optional in respect to one party, delay on his part is viewed with especial strictness. *Fry Spec. Perf. § 733.*

The contract was moreover in the alternative. If there was defect in the title, Mrs. Meidling was bound to return the deposit-money ; if there was no defect, she could be required to convey. This cast on Mrs. Trefz a duty to ascertain the state of the title and to give notice of satisfaction or dissatisfaction therewith within a reasonable time. *Reynolds* v. *O'Neil, 11 C. E. Gr. 225.*

The bill was not filed until two years and three months had elapsed since the date of Devine's receipt. Mrs. Meidling's uncontradicted testimony shows that the lots had meanwhile materially increased in value, and that Mrs. Trefz had neither given notice of her satisfaction with the title and her intent to take a deed, nor made any tender of the unpaid purchase-money.

It is true that Mrs. Meidling admits that she had a conversation with Allen about the lots more than a year after the date of Devine's receipt, but her account of the interview shows that Allen made no demand upon her and did not claim that she was bound to convey the lots, while she, on her part, expressly repudiated any obligation to convey on the ground of an abandonment of the option and the increased value of the lots. It is clear that nothing occurred at that time to indicate to Mrs. Meidling that Mrs. Trefz claimed a right to a conveyance.

Nothing further occurred until the filing of the bill more than a year after this interview.

A bill for specific performance is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion.   *Van Doren* v. *Robinson, 1 C. E. Gr. 256.* The general rule is, that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part.   Therefore, unreasonable delay in doing those acts which are to be done by him will justify and require a denial of relief.   No rule respecting the length of delay which will be fatal to relief can be laid down, for each case must depend on its peculiar circumstances.   *New Barbadoes* v. *Vreeland, 3 Gr. Ch. 157; Cooper* v. *Carlisle, 2 C. E. Gr. 525; Houghwout* v. *Boisaubin, 3 C. E. Gr. 315; Merritt* v. *Brown, 4 C. E. Gr. 286; S. C., 6 C. E. Gr. 401; Crane* v. *Decamp, 6 C. E. Gr. 414.*

It is equally well settled that one who seeks specific performance of such a contract must institute his suit within a reasonable time and before any material change affecting the interests of the parties has taken place.   *Penrose* v. *Leeds, 1 Dick. Ch. Rep. 294.*

These doctrines are applicable to the case before us.   It exhibits an excessive and unreasonable delay not only in giving notice of satisfaction with the title and intent to require a conveyance, but also in the application for relief.   In the time which has been permitted to elapse a material increase in the value of the subject-matter of the contract has taken place.   It would be an unwarrantable exercise of discretionary power to allow one holding a mere option to purchase, to lie by for so long a time and speculate upon the fluctuating values of urban lots, and, after a substantial increase in their value, to enforce a conveyance in his favor at the original price now inadequate.

Delay in such cases may doubtless be explained, and, in some circumstances, excused, but neither explanation nor excuse can be discovered in this case.

I shall, therefore, vote for a reversal of this decree and for a decree denying the relief prayed for, with costs.

*For reversal*—THE CHIEF-JUSTICE, DIXON, MAGIE, REED, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH—9.

*For affirmance*—None.