Complainants brought this suit to rescind a contract of purchase of real estate made with defendant Ridgewood Park Estates, Incorporated. Subsequently Ridgewood Park Estates, Incorporated, conveyed title to the lands in question to defendant Palisades Development Corporation, which in turn conveyed them to defendant Efem Realty Company, a corporation. These conveyances were made subject to the contract with complainants, but the obligations of Ridgewood Park Estates, Incorporated, under the contract were not assumed by the other defendants. Efem Realty Company *Page 521 
interposed a counter-claim, asking specific performance of the contract against complainants.
This court has heretofore found that complainants were not entitled to a rescission of the contract and that the bill of complaint must be dismissed. A decree has been presented on behalf of the Efem Realty Company in which provision is made for granting specific performance against complainants, directing them to pay the balance of the purchase price of the premises upon execution and delivery to them of a deed by the Efem Realty Company. There is no direction in the decree requiring the Efem Realty Company to carry out certain unfulfilled covenants made by the Ridgewood Park Estates, Incorporated, as to improvements to be made on the premises.
Application is now made to the court to strike out the provision for specific performance and for the entry of a decree leaving all the parties to their rights at law. This application is made upon the ground that it would be inequitable and unjust to grant specific performance against complainants by requiring them to pay the full balance of the purchase price upon the receipt of a mere warranty deed from the Efem Realty Company, since this would leave complainants to a right of action for breach of covenant against Ridgewood Park Estates, Incorporated, alone. Ridgewood Park Estates, Incorporated, is insolvent and complainants' remedy against them would be therefore worthless, the other defendants not having assumed the obligation of these covenants.
Taking the premises without the improvements called for, the covenants would be a serious matter to complainants, and would probably result in almost a total loss of their investment. In 1928 complainants made the contract to purchase with defendant Ridgewood Park Estates, Incorporated, it being among other things agreed that streets would be opened and four feet concrete sidewalks would be provided. The premises in question were part of a large tract which the Ridgewood Company proposed to develop. It was at that time almost raw land and since then substantially nothing has been done to develop it. *Page 522 
While it is true that the mere facts that the purchasers of property have made a bad bargain and that subsequently the property agreed to be purchased has greatly depreciated in value do not excuse the purchasers from performance; other and further considerations, it seems to me, render it inequitable that specific performance be decreed against complainants. Specific performance is not an absolute right, but is addressed to the sound discretion of the court. In Pyatt v. Lyons, 51 N.J. Eq. 308
(at p. 314), the court says: "The relief invoked is not a matter ex debito justicial; the bill for specific performance is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion, and he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part. Meidling v. Trefz, 48 N.J. Eq. 638;Page v. Martin, 46 N.J. Eq. 585. To the same effect is Blake
v. Flatley, 44 N.J. Eq. 228 (at p. 231). The court says: "But it is also held that courts of equity will not interfere to decree a specific performance except in cases where it would be strictly equitable to make such a decree. Whether, therefore, the contract shall be enforced specifically, must rest in the sound and reasonable discretion of the court, depending on the equity of the particular case and the nature of the objections to it. It must determine what are the objectionable circumstances which will control its jurisdiction in such cases, within the established rules of equity, though none of these rules are of absolute obligation and authority in all cases. Gariss v.Gariss, 1 C.E. Gr. 79; Pinner v. Sharp, 8 C.E. Gr. 274;Locander v. Lounsbery, 9 C.E. Gr. 417; Plummer v. Keppler, 11C.E. Gr. 481; Brown v. Brown, 6 Stew. Eq. 650; 1 Story Eq.§ 742."
In Newark v. Lindsley, 114 Atl. Rep. 794 (at p. 796), the court says: "A bill for specific performance is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion. The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part. Therefore, unreasonable *Page 523 
delay in doing those acts, which are to be done by him, will justify and require a denial of relief. No rule respecting the length of the delay, which will be fatal to relief, can be laid down, for each case must depend on its peculiar circumstances."
It would seem that to require complainants to pay the full balance of purchase price, while not receiving the benefits of the covenants for improvements on the premises in question, would be inequitable since defendant Efem Realty Company would receive the full benefit of the contract without assuming the burden of the improvements. It is a maxim of equity that he who seeks equity must do equity. Mutual Benefit Life Insurance Co. v.Brown, 32 N.J. Eq. 809.
A new decree should be submitted dismissing both the bill and counter-claim.