The bill of complaint in this case prays for specific performance of a contract for the sale of real estate in Belleville, *Page 572 
Essex County. The bill also seeks abatement of the purchase price because of the inability of defendant to convey all she allegedly agreed to convey under the contract. The defendant counter-claims for rescission of the contract on the ground of a unilateral mistake.
The contract in question was entered into between the parties on January 6th, 1947. The consideration recited therein was $7,500. The description of the premises in the contract was the same as set forth in a deed from the Town of Belleville, which was the defendant's grantor, except that it included a right-of-way 20 feet wide over adjacent land owned by the Glasby Manufacturing Company, Inc., and also the following provision:
"It is also understood that the property has a right of siding from the tracks of the Greenwood Lake Railroad adjoining said right of way over the Glasby Mfg. Co."
The premises in question are bounded on the easterly side by a strip of land 32 feet wide through the center of which runs a railroad track or spur. The said 32-foot strip of land is owned by the National Grain Yeast Corporation which is not a party to this suit.
The defendant, in her counter-claim, admits that she thought her premises ran to the center line of the 32-foot strip of land and consequently to the center line of the railroad tracks thereon which would entitled her to "all the appurtenant rights and privileges belonging to said lands and premises, including a right of siding from the tracks of said railroad company." In fact, however, the defendant owned the land only to the westerly line of said 32-foot strip of land. Her mistaken belief was caused by an error on the tax map of the Town of Belleville which delineated her easterly boundary line to the center of said 32-foot strip.
Complainant contends that the disputed provision calls for a right of siding from presently existing railroad tracks and since the defendant is unable to convey such it is entitled to an abatement of the purchase price to the extent of the cost of a proper spur to be constructed along the northerly line of the premises. The defendant, on the other hand, contends *Page 573 
that the clear meaning of the clause in question is that the seller is not to furnish the siding or sidetrack for the buyer but merely that the buyer will have the right to run a spur from the track of the Greenwood Lake railroad at a particular point.
Without adopting either of these contentions, it is my opinion that the relief prayed for by the complainant should be denied and that sought by the defendant granted. Specific performance is a discretionary remedy. In taking jurisdiction in specific performance, a court of equity has within its discretion the granting or the denying of the remedy depending upon elements, conditions and incidents which it regards as essential to the determination of its peculiar mode of relief. In Migel v.Bachofen, 96 N.J. Eq. 608, 611, Chief-Justice Gummere said:
"The remedy by specific performance is discretionary; the question is not what the court must do, but what, in view of all the circumstances of the case in judgment, should it do to further justice, and, where the enforcement of the contract will be attended with great hardship or manifest injustice to the defendant, the court should always refuse its aid. Plummer v.Keppler, 26 N.J. Eq. 481, and cases cited; Blake v. Flatley,44 N.J. Eq. 231."
The abatement which the complainant seeks will cost from $3,348 to $4,398, or approximately one-half or more of the purchase price. To enforce this burden upon the defendant who entered into the contract under a mistaken belief as to the land she owned when there was no showing that the complainant in any way changed its position in consequence of the contract entered into would be unconscionable. In 3 Pom. Eq. Jur. (5th ed.) 388 § 870a, it is stated:
"It is the rule in general that a contract will not be reformed for a unilateral mistake, nor does such a mistake, of itself render the transaction voidable. However, equitable relief by way of rescission may be given if the mistake relates to a material feature of the contract, if it is of such grave consequence that enforcement of the contract as made will be unconscionable, if it occurred notwithstanding the exercise of ordinary diligence by the party making the mistake, and if the other party can be putin statu quo." *Page 574 
Upon the condition that the complainant be put in statu quo
by the return of its deposit under the contract plus a reasonable fee for the examination of title, I shall advise a decree granting the defendant the relief prayed for in her counter-claim.