215 N.J. Super. 330 (1987)
521 A.2d 1313
J. DANIEL PRUITT, PLAINTIFF-RESPONDENT,
v.
DONNA GRAZIANO, A/K/A DONNA KARANZALIS, AND CHARLES GRAZIANO, DEFENDANTS-APPELLANTS,
v.
FOX & LAZO, INC., A NEW JERSEY CORPORATION, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1987.
Decided February 24, 1987.
Before Judges FURMAN, DREIER and STERN.
Holston, MacDonald, Donnelly & Morgan, attorneys for appellants (James Donnelly on the brief).
Jubanyik, Varbalow, Tedesco & Shaw, attorneys for respondent (Richard J. Jubanyik on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
*331 Defendants, sellers of a condominium unit, appeal from summary judgment of specific performance in favor of plaintiff purchaser. The condominium unit overlooks woods and a brook and has an addition in back added on by defendants. On appeal defendants contend that plaintiff was not entitled to specific performance in the absence of proof of the uniqueness of the condominium unit. We disagree and affirm.
Under the Condominium Act, N.J.S.A. 46:8B-4, each condominium unit "shall constitute a separate parcel of real property." "Condominium" is defined in N.J.S.A. 46:8B-3 as "the form of ownership of real property under a master deed providing for ownership by one or more owners of units of improvements together with an undivided interest in common elements appurtenant to each such unit." Under long established equity principles, a contract for the sale of real property is specifically enforceable by the purchaser. Presumptively, real property is unique and damages at law are an inadequate remedy for breach of a contract to sell it. A factual resolution of uniqueness of the real property is immaterial. 11 Williston on Contracts (3 ed. Jaeger 1968) § 1418A; Pomeroy, Equity Jurisprudence (5 ed. 1941) § 221(b).
Defendants' single argument is that summary judgment should have been denied because of a fact issue as to the uniqueness of the condominium unit under contract of sale, one of approximately 250 in the condominium complex. Defendant relies upon three reported decisions, all clearly distinguishable in our view. Fleischer v. James Drug Stores, 1 N.J. 138 (1948) involved a suit for specific performance of a business contract. In Blake v. Flatley, 44 N.J. Eq. 228 (E. & A. 1888), specific performance was denied to the purchaser of real property under the unusual circumstance that the purchase price was so low that the seller "will lose the whole purchase-price of his land in costs." Plaintiff there was relegated to his remedy at law "where the costs are much less than in ... equity."
*332 In the more recent case of Centex Homes Corp. v. Boag, 128 N.J. Super. 385 (Ch.Div. 1974), the seller of a condominium unit was denied specific performance in view of the adequacy of readily measurable damages as a remedy and the absence of any showing of a "unique quality" of "one of hundreds of virtually identical units being offered by [the seller] for sale to the public." The court referred to the trend towards disappearance of the doctrine of mutuality of remedy, which entitled the seller as well as the purchaser of real property to specific performance. See also Kalman Floor Co., Inc. v. Jos. L. Muscarelle, Inc., 196 N.J. Super. 16, 28 (App.Div. 1984), aff'd o.b. 98 N.J. 266 (1985):
"It has sometimes been said that there is a requirement of mutuality of remedy. However, the law does not require that the parties have similar remedies in case of breach, ..." Restatement, Contracts 2d, § 363 comment (c) at 183 (1981). Professor Farnsworth, the reporter for the Restatement 2nd, speaks of the "now discredited mutuality of remedy rule," Farnsworth, Contracts § 12.4 at 822 n. 18 (1982), and directs us to 5A Corbin, Contracts §§ 1178-1204 (1964), for "an extensive criticism of the rule." Williston says: "While this `rule' had some significance some few decades ago, it has been quite generally repudiated, especially as the exceptions gradually swallowed it." 11 Williston, Contracts (3rd ed. Jaeger), § 1433 at 884.
An out-of-state authority awarding specific performance in favor of the purchaser of a condominium unit irrespective of any special showing of uniqueness is Giannini v. First Nat. Bank of Des Plaines, 136 Ill. App.3d 971, 91 Ill.Dec. 438, 483 N.E.2d 924 (1985).
On the appeal before us, we note some indicia of uniqueness of the condominium unit under contract of sale, its view and the addition in its back. Our holding rests, notwithstanding such prima facie showing of uniqueness, upon a broader ground: that a contract of sale of a designated condominium unit like any real property is specifically enforceable by the purchaser irrespective of any special proof of its uniqueness.
We affirm.